UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIA YAMILETH CARCAMO-ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No. 1:26-cv-01352-DAD-EFB<br><br>ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER INTO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING THE MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. No. 6) |

On February 25, 2026, petitioner filed a motion for temporary restraining order in which she alleges that she entered the United States on an unspecified date, on July 15, 2024 an immigration judge ordered petitioner removed to Honduras but also granted her withholding of that removal under the Convention Against Torture and the government did not appeal that decision, on February 2, 2026 petitioner was arrested at a regularly scheduled check-in with ICE, and she was later informed that ICE was attempting to remove her to Mexico. (Doc. No. 6 at 2, 8.) On February 26, 2026, the court set a briefing schedule on the motion and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from the decisions in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), *A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC (HC),

1

2025 WL 3485219 (E.D. Cal. Dec. 4, 2025), or *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-10676-BEM, Doc. No. 241 (D. Mass. Feb. 25, 2026).  (Doc. No. 7.)

In their opposition, respondents address *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-10676-BEM, Doc. No. 241 (D. Mass. Feb. 25, 2026) but do not address the decision in *A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC (HC), 2025 WL 3485219 (E.D. Cal. Dec. 4, 2025).  (Doc. No. 8.)  Respondents argue that *Perez* is distinguishable, and petitioner's membership in the *D.V.D.* class requires that this case be transferred to the District of Massachusetts.  (*Id.* at 1, 4.)  Respondents also state that they do not oppose converting petitioner's temporary restraining order to a preliminary injunction.  (*Id.* at 1.)

The undersigned finds persuasive and applicable the district court's analysis in *A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC (HC), 2025 WL 3485219 (E.D. Cal. Dec. 4, 2025), including the discussion therein addressing why the existence of the *D.V.D.* class action does not require transfer of individual habeas actions involving third country removal.  *Id.* at *6.

Accordingly,

1. Petitioner's motion for temporary restraining order (Doc. No. 6) is CONVERTED into a motion for preliminary injunction and GRANTED, as follows:

   a. The court temporarily enjoins respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, from removing petitioner to Mexico without first allowing her a meaningful opportunity to be heard on her fear based claim before an immigration judge in compliance with due process; and

   b. Respondents and their officers, agents, servants, employees, and persons acting on their behalf in concert or in participation with them, are temporarily enjoined from removing or deporting petitioner to a third country, including Mexico, absent court order to the contrary;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3. The petition for habeas corpus (Doc. No. 1) is referred to Magistrate Judge Edmund F. Brennan for further proceedings.

IT IS SO ORDERED.

Dated: **March 2, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE