UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIA YAMILETH CARCAMO-ORTIZ,
A-220-790-949,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-01352-DAD-EFB

ORDER (ECF No. 23) AND FINDINGS AND
RECOMMENDATIONS (ECF No. 1)

Petitioner is a noncitizen presently held in immigration detention, who seeks habeas corpus relief under 28 U.S.C. § 2241.  ECF No. 1.  Pending before the undersigned is petitioner's motion to withdraw her for motion for release, filed on June 10, 2026, ECF No. 23, and the petition, which is now fully briefed.  ECF Nos. 1, 8, 14, 15.  For the reasons set forth below, the undersigned grants the motion to withdraw and recommends the petition be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1.  Factual Background[1]

Petitioner is a citizen of Honduras, who entered the United States in October 2021.  ECF No. 1 ¶ 5; ECF No. 8 at 2 & Ex. 1.  On inspection, petitioner was placed in removal proceedings under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, was released on her own recognizance, and was given a notice to appear before an immigration judge on March 13, 2023.

---

[1] The facts described herein are uncontested unless otherwise noted.

1

ECF No. 8 at 2 & Exs. 1-2.  On July 15, 2024, an immigration judge issued an order of removal against petitioner but granted withholding of removal under the Convention Against Torture. ECF No. 1 ¶¶ 1, 5, 33 & Ex. 1; ECF No. 8 at 2 & Ex. 3.  At the time of that ruling, petitioner remained free from detention and, when petitioner's removal order was entered, petitioner was placed in a supervised release program that required regular check-ins at Immigration and Customs Enforcement (ICE) offices.  ECF No. 1 ¶ 34.  Petitioner did not appeal the order of removal.  *Id*. ¶ 52.  Petitioner subsequently complied with the ordered supervision requirements, as well as obtained a Category A10 employment authorization, enabling her to financially provide for her two children.  *Id*. ¶¶ 34-35.

On February 2, 2026, petitioner reported to an ICE field office for a regular check-in appointment.  ECF No. 1 ¶¶ 37-38.  There, she was arrested by ICE agents and remains currently detained.  *Id*. ¶¶ 5, 38, 46; ECF No. 8 at 2 & Ex. 4.  Petitioner alleges that ICE agents arrested her without a warrant, ECF No. 1 ¶¶ 39, 65, but respondents assert that the arrest occurred pursuant to an administrative warrant and, the same day she was arrested, she was provided notice of the intent to revoke supervision and an opportunity to make a statement contesting the revocation. ECF No. 8 at 2-3 & Ex. 6.  There is no indication respondents contacted petitioner's counsel or permitted her to contact her counsel prior to the revocation of her supervision and her arrest.  *See id*. at 2-3 & Exs. 4, 6.  The day she was arrested, petitioner was notified in writing that DHS intended to remove her to a third country, Mexico.  *Id*. at 3 & Ex. 7.  On February 11, 2026, petitioner requested the Department of Homeland Security (DHS) conduct a reasonable fear interview, based on her understanding that DHS sought to remove her to Mexico.  ECF No. 1 ¶ 47.

### 2.  Procedural Background

On February 17, 2026, petitioner, via counsel, initiated this action for a petition for writ of habeas corpus.  ECF No. 1.  On February 25, 2026, petitioner filed a motion for a temporary restraining order, requesting that respondents be enjoined from removing her to Honduras or a third country.  ECF No. 6.  On February 27, 2026, respondents filed a return to the petition and opposition to the motion for temporary restraining order.  ECF No. 8.

2

On March 3, 2026, the District Judge issued an order converting petitioner's motion for a temporary restraining order to a request for a preliminary injunction and granted it. ECF No. 9. The court enjoined respondents from removing petitioner to Mexico without first allowing her a meaningful opportunity to be heard on her fear-based claim before an immigration judge in a manner compliant with due process, and enjoined them from removing her to any third country pending further order from the court. *Id*. The court referred the matter to the undersigned. *Id*.

On March 24, 2026, petitioner filed supplemental briefing in support of her petition. ECF No. 14. In it, she represents that an asylum officer conducted a reasonable fear interview on March 3, 2026, and found petitioner did not have a reasonable fear of removal to Mexico. *Id*. at 3-4 & Exs. 1, 3, 4, 5. Upon learning of the decision, petitioner, though counsel, requested an immigration judge review the asylum officer's determination, on March 12, 2026. *Id*. at 3-4 & Ex. 2.

On March 27, 2026, respondents filed a responsive supplemental brief. ECF No. 15. In it, they did not contest the factual representations made by petitioner in her March 24, 2026 supplemental brief, but additionally represented that, on March 25, 2026, they had requested an immigration judge conduct a review of the March 3, 2026 reasonable fear interview determination, pursuant to the court's March 3, 2026 order. ECF No. 15 & Ex. 1.

On April 15, 2026, petitioner filed a motion for immediate release in this court, on the basis that respondents had not complied with the March 3, 2026 order. ECF No. 16. Respondents filed an opposition brief on April 29, 2026. ECF No. 19. On May 18, 2026, pursuant to an order of the court, the parties filed a joint status report stating that, on May 13, 2026, an Immigration Judge held a hearing to review the findings of the asylum officer from petitioner's reasonable fear interview. The Immigration Judge issued a written decision affirming the asylum officer's finding that petitioner failed to establish a reasonable possibility of persecution or torture in Mexico. ECF No. 22; *see* ECF No. 21. On June 10, 2026, petitioner moved to withdraw her motion for immediate release. ECF No. 23.

////

////

3

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

### 1.  Motion to Withdraw Previously-Filed Motion

In her Motion to Withdraw Motion for Release, petitioner requests leave to withdraw the motion she filed on April 15, 2026, as amended on April 17, 2026. ECF No. 23; *see* ECF Nos. 16, 18. Respondents had filed an opposition to the Motion for Release, ECF No. 19, and petitioner represents that counsel for respondents had communicated non-opposition to the Motion to Withdraw. ECF No. 23 at 1. The undersigned therefore grants the request and orders the Motion for Release, ECF No. 16, withdrawn.

### 2.  Merits of the Petition

In her petition, petitioner asserts five claims for relief. In her first claim for relief, she alleges that because her removal is not reasonably foreseeable, her present detention violates 8 U.S.C. § 1236(a)(6) and, in her second claim for relief, she alleges that, for the same reason, respondents have violated her rights to due process of law under the Fifth Amendment. ECF No. 1 ¶¶ 50-68. In her third claim for relief, she alleges that her present detention is without legal basis, entitling her to habeas corpus relief. *Id*. ¶¶ 69-71. In her fourth claim for relief, she alleges that the revocation of her supervised release violated governing regulations, thereby violating her rights to due process. *Id*. ¶¶ 62-68. Finally, she claims that respondents' failure to provide her review by an immigration judge of the denial of her request for a fear interview, relative to respondents' attempts to remove her to a third country, violates her rights to due process. *Id*. ¶¶ 69-70. As relief, petitioner requests to be released immediately under the original terms of supervision; that respondents be enjoined from removing her to a third country before the order withholding her removal is terminated; that respondents be enjoined from removing her to a third

4

country without adequate process, including the right to seek withholding of removal to that country; and that respondents be enjoined from removing petitioner from this district while the instant proceeding is pending. *Id*. at 19-20.

Respondents argue that petitioner has failed to demonstrate her entitlement to relief on any of her claims and the court should deny the petition on the merits. ECF Nos. 8, 15. Respondents alternatively request that the proceeding be transferred to the United States District Court for the District of Massachusetts because petitioner is a member of the certified class in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-10676 (D. Mass.). The court concludes petitioner has demonstrated her entitlement to relief and recommends the writ be granted.

### a. Claims One, Two, and Three

In Claim One, petitioner alleges that her present, ongoing detention "violates 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas*[ *v. Davis*, 533 U.S. 678 (2001)]" because there is no significant likelihood of petitioner's removal in the reasonably foreseeable future. ECF No. 1 ¶¶ 50-53. In Claim Two, petitioner alleges that her current detention violates the Due Process Clause because there is no significant likelihood of her removal. *Id*. ¶¶ 54-58. The undersigned concludes petitioner has met her burden of demonstrating her entitlement to relief on both claims, such that she is entitled to habeas corpus relief as described in Claim Three.

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). Once an order of removal becomes administratively final, 8 U.S.C. § 1231(a)(2) directs that the Attorney General "shall" detain an alien for 90 days, in order to effectuate removal. 8 U.S.C. § 1231(a)(1)-(2). After this 90-day removal period, the alien may be released under terms of supervision, or may be detained if he or she belong to one of four categories of people specified in the statute. 8 U.SC. § 1231(a)(6); *see Arteaga-Martinez*, 596 U.S. at 578-79.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not

5

be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 684-86). Recognizing that a statute that permitted indefinite civil detention would run afoul of the due process clause of the Fifth Amendment, the Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Specifically,

> [a]fter [a presumptively reasonable] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

Here, petitioner has not demonstrated good reason to believe that there is no significant likelihood of her removal in the reasonably foreseeable future, such that her present detention violates her rights to due process as set forth in *Zadvydas*. Petitioner argues that the six-month period referenced in *Zadvydas* began at the time a removal order became final, which, in this case, was August 14, 2025, and thus the presumptively reasonable period of petitioner's detention expired in February 2026. *See* ECF No. 1 ¶ 52. This interpretation of *Zadvydas* is incorrect. The due process concern at issue in *Zadvydas* was the possibility of indefinite detention pending effectuation of an alien's removal, thus, the six months discussed in *Zadvydas* referred to time the alien has spent in post-removal-order detention. *See Zadvydas*, 533 U.S. at 689-701. The Supreme Court made this clear in *Clark v. Martinez*, 543 U.S. 371 (2005), where it explained *Zadvydas*'s holding:

////

> The Court further held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future."

*Clark*, 543 U.S. at 378 (quoting *Zadvydas*, 533 U.S. at 701). The undisputed record is that petitioner was arrested on February 2, 2026, and thus, at present, she has been detained for less than six months, i.e., she has been detained for a period deemed presumptively reasonable in *Zadvydas*, 533 U.S. at 701.

This presumption, however, can be overcome; a detainee need not wait until her detention reaches constitutional limits in order to challenge it. *See Clark*, 543 U.S. at 384 (2005) ("*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, *since* interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal."); *see also Duong v. Warden, California City Det. Facility*, No. 1:26-CV-02715 DC SCR, 2026 WL 1243444, at *3 (E.D. Cal. May 6, 2026) (collecting cases). Here, petitioner has also tendered evidence that diplomatic impediments render her removal to Mexico not significantly likely in the reasonably foreseeable future. Petitioner cites *Rea-Hernandez v. Bondi*, No. 2:25-CV-02609-TL, 2026 WL 322874, at *5 (W.D. Wash. Feb. 6, 2026), where the district court recently found that, "the Mexican government does not accept individuals who do not willingly accept removal to Mexico." *See* ECF No. 6 at 6. This accords with similar, recent findings from other district courts. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216, at *2 (W.D.Tex. Apr. 6, 2026); *Constant v. Perry*, No. 1:25-CV-1916 (RDA/WEF), 2026 WL 1463965, at *5 (E.D. Va. Feb. 11, 2026); *Jumel Coke v. Bondi*, No. C26-71, 2026 WL 221514, at *2 (W.D. Wash. Jan. 28, 2026); *Olea Sanchez v. Bondi*, No. C25-2573, 2026 WL 160882, at *3 (W.D. Wash. Jan. 21, 2026); *Suarez-Ramirez v. Bondi*, 2026 WL 115020, at *2 (D. Nev. Jan 15, 2026); *Pena-Gil v. Lyons*, 2025 WL 3268333, at *1, *3, *4 (D. Colo. Nov. 24, 2025); *see also Capote v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-1348-JES-NPM, 2026 WL 1453372, at *2, n.2 (M.D. Fla. May 22, 2026). The uncontested record is that petitioner

7

does not consent to removal to Mexico.  *See* ECF No. 1 ¶¶ 45, 47, 56; ECF No. 6, Ex. 1 ¶ 6; ECF No. 14 at 6.  Petitioner has additionally submitted a transcript from a February 23, 2026 hearing in the United States District Court for the Eastern District of Virginia, wherein counsel for respondent Noem—who is also a respondent in the instant action—represented that the process for removing aliens to Mexico involves respondents moving the alien to "a staging area in Texas or somewhere close to the southern border, where there they will present the alien to Mexican officials" and "that moment[] is when Mexico will decide whether or not to accept the petitioner into their country."  ECF No. 6, Ex. 3 at 8.  In that case, the district court concluded that the process described "cannot be sufficient" to show a reasonable likelihood of removal under *Zadvydas*.  *Id*. at 8-9.  In light of the totality of circumstances, petitioner has met her burden to show good reason to believe there is no significant likelihood of her removal to Mexico in the reasonably foreseeable future.

Respondents have failed to rebut this showing with evidence that petitioner's removal to Mexico is significantly likely in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 701.  Respondents have made no argument that they have secured travel documents for petitioner or otherwise taken steps to secure Mexico's acceptance of petitioner.  *See* ECF Nos. 8, 15. Respondents make no argument refuting the fact that Mexico does not presently accept noncitizens who do not consent to being removed to Mexico, and that petitioner does not so consent.  *See id*.  Respondents make no argument refuting that the current process for removing noncitizens to Mexico involves transferring the noncitizen to a holding facility in Texas, where Mexican officials then make a unilateral decision whether or not to accept the noncitizen.  *See id*. The undersigned agrees with the conclusion of the United States District Court for the Eastern District of Virginia that such a process in no way indicates that any particular noncitizen's removal to Mexico is reasonably foreseeable, given that Mexican officials apparently provide no advance notice to respondents of which noncitizens they intend to accept until the noncitizen is presented to them at the Texas border.  *See* ECF No. 6, Ex. 3 at 8.  Simply, respondents has not carried its burden to show that petitioner's removal to Mexico is significantly likely in the reasonably foreseeable future, and, thus, petitioner succeeds in demonstrating that her current

detention violates her rights to due process of law under the Fifth Amendment. *See Zadvydas*, 533 U.S. at 701. Accordingly, the undersigned recommends that the petition be granted on Claim One, which alleges that her detention is unauthorized under 8 U.S.C. § 1231 as interpreted by *Zadvydas*; Claim Two, which alleges her detention violates her rights to due process as set forth in *Zadvydas*; and Claim Three, in which she alleges that she is entitled to habeas corpus relief on this basis. *See* ECF No. 1 ¶¶ 50-61.

### b. Claim Four

In her fourth claim for relief, petitioner alleges that respondents revoked her supervised release in contravention of the procedures set forth in 8 C.F.R. § 241.4(*l*), 8 C.F.R. § 287.8(c)(2)(ii), and 8 C.F.R. § 287.3, constituting an ultra vires act under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-68 (1954) and violating her rights to due process. ECF No. 1 ¶¶ 62-68; ECF No. 14 at 7-10. The undersigned finds that petitioner has demonstrated her due process rights were violated and recommends the writ be granted on this alternative basis.

When petitioner was released from respondents' custody on an order of supervision in 2021, she acquired a due process interest in being free from detention under the terms of their release. *See Pham v. Warden*, No. 1:25-CV-01873-DC-AC (HC), 2026 WL 849861, at *14 (E.D. Cal. Mar. 27, 2026) (collecting cases). She additionally has a due process interest in respondents following its own regulations governing her supervised release, including those governing redetention. *See Uzzhina v. Chestnut*, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *3 (E.D. Cal. Dec. 2, 2025) (collecting cases). Here, petitioner alleges her supervised release was governed by 8 C.F.R. § 241.4, which respondents do not dispute. *See* ECF No. 1 ¶¶ 27-30, 63-64; ECF No. 8; ECF No. 15; *see generally Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-cv-2111-JES-DEB, 2025 WL 2988356, at * 2 (S.D. Cal. Oct. 23, 2025) ("Supervised release and any revocation of such release thereafter is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13.").

Under 8 C.F.R. § 241.4(*l*), a noncitizen's release may be revoked when a noncitizen violates the conditions of release, the purposes of release have been served, it is appropriate to enforce a removal order, or it is indicated that release is no longer appropriate. The noncitizen

must be notified of the reasons for the revocation of his or her release and promptly afforded an informal interview to give him or her an opportunity to respond to the reasons for revocation.  8 C.F.R. § 241.4(*l*)(1).  The only entities with authority to revoke an order of release are the "Executive Associate Commissioner" and, in some circumstances, the "district director."  8 C.F.R. § 241.4(*l*)(2).

Petitioner has demonstrated that respondents did not comply with these regulations when revoking her supervised release in February 2026.  Petitioner alleges that she received no notice of the reasons for the revocation of her order of supervision, at the time it was revoked, ECF No. 1 ¶ 66, and respondents do not dispute that allegation.  *See* ECF No. 8.  Instead, respondents proffer three documents they assert petitioner was provided upon the revocation of her order of supervision.  ECF No. 15 at 3 (citing ECF No. 8, Exs. 4-6).  None of these documents include any form of notice to petitioner as to the reasons for her revocation of supervision, and none indicate that the revocation order was made by the "Executive Associate Commissioner" or "district director."  *See id*.  One of these documents reflects a record of the informal interview conducted of petitioner by respondents on February 2, 2026, in which the interviewing ICE officer referenced a "notification letter" impliedly provided to petitioner.  ECF No. 8, Ex. 6.  The same document, however, states that "[a]ny documents provided are attached," and no attachments appear.  *See id*.  In light of the record before the court, the undersigned concludes that petitioner has shown that she was not provided the reasons for the revocation of her release, as required under 8 C.F.R. § 241.4(*l*)(1), and the revocation was not authorized by persons vested with the power to revoke an order of supervision, as required under 8 C.F.R. § 241.4(*l*)(2).  Accordingly, petitioner has shown that respondents violated her due process rights by depriving her of her liberty without the process she was due, i.e., that established by the regulations governing her supervised release.[2]  *See Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1166 (E.D. Cal. 2025);

_____

[2] Petitioner had additionally alleged that respondents arrested her without a warrant and her warrantless arrest violated applicable regulations.  ECF No. 1 ¶¶ 65-66.  Respondents, however, represent that petitioner was arrested pursuant to an administrative warrant, ECF No. 8 at 2 & Ex. 4, which petitioner does not dispute, *see* ECF No. 14, and which the record does not otherwise refute.  *See* 28 U.S.C. § 2248.  On these particular allegations, therefore, petitioner has not shown her due process rights were violated.  Because the undersigned concludes petitioner has shown

10

*Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017); *see also Pham*, 2026 WL 849861, at *14-15; *Uzzhina*, 2025 WL 3458787, at *3-5.

### c.  Claim Five

In her fifth claim for relief, petitioner alleges that her rights to due process under the Fifth Amendment were violated by respondents' failure to provide a proceeding in which an Immigration Judge reviews her claim of fear to removal to a third country.  ECF No. 1 ¶¶ 69-70. On March 3, 2026, the District Court granted petitioner's motion for preliminary injunction and ordered petitioner to be provided with the review she requested.  ECF No. 7.  On May 18, 2026, an Immigration Judge conducted a hearing in response to the court's order and found petitioner had failed to establish a reasonable possibility of persecution or torture in Mexico.  ECF No. 22. Given that petitioner has now received the process that forms the basis of this claim, and argues no other collateral consequences relating to this particular claim, the undersigned recommends Claim Five be denied as moot.  *See Phan v. Becerra*, No. 2:25-CV-1757-DC-JDP, 2026 WL 622201, at *2 (E.D. Cal. Mar. 5, 2026), *report and recommendation adopted*, No. 2:25-CV-01757-DC-JDP (HC), 2026 WL 927930 (E.D. Cal. Apr. 3, 2026); *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901, 910 (E.D. Cal. 2025), *opinion clarified sub nom. Sikeo v. Albarran*, No. 1:25-CV-01505-KES-HBK (HC), 2026 WL 603740 (E.D. Cal. Mar. 4, 2026), *appeal dismissed*, No. 26-1666, 2026 WL 1757776 (9th Cir. May 6, 2026).

### d.  Request to Transfer

Finally, respondents argue that, if the court does not deny petitioner's petition, the court should transfer this matter to the District of Massachusetts because petitioner is a member of a non-opt-out class certified in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-10676 (D. Mass.). ECF No. 8 at 4.  As numerous courts have held, an individual's petition for habeas corpus relief in her specific case is not barred by a class action seeking systemic reform of a government policy, as is the case in *D.V.D.  See A.A.M. v. Andrews*, 815 F. Supp. 3d 1124, 1135 (E.D. Cal.

---

her entitlement to relief under the Fifth Amendment, it is unnecessary to consider her alternative argument, that relief is warranted on this claim under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).  *See* ECF No. 1 ¶ 68.

2025) (collecting cases).  Moreover, the class certified in *D.V.D.* only includes persons affected by certain third-country removal policies, *see D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025), but petitioner's claims for relief in the instant case encompass far more than that, including claims that the revocation of her supervision was itself unlawful, irrespective of whether she is subject to removal to a third country.  On this basis, as well, transfer or dismissal of petitioner's action is not appropriate.  See *A.A.M.*, 815 F. Supp. 3d at 1135; see also *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).  The undersigned therefore recommends this request be denied.

## ORDER AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that petitioner's Motion to Withdraw Motion for Release (ECF No. 23) is GRANTED.

IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to petitioner's first, second, third, and fourth claims for relief;

2.  Respondents be ORDERED to IMMEDIATELY RELEASE petitioner Dania Yamileth Carcamo-Ortiz (A-220-790-949) from respondents' custody under the same conditions of release to which she was subject prior to her February 2, 2026 arrest;

3.  Respondents be PERMANENTLY ENJOINED AND RESTRAINED from seeking to revoke petitioner's supervision unless and until they comply with all procedures set forth in 8 C.F.R. § 241.4, any other applicable statutes and regulations, and the requirements of due process;

4.  The Clerk of the Court be directed to serve a copy of this order on the California City Immigration Processing Center; and

5.  The Clerk of the Court be directed to enter judgment in favor of petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days of the date of these findings and recommendations, any party may file written objections with the

12

court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 29, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

13